NOT FOR PUBLICATION

FILED

MAR 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEANNE DRAKE; CARLY WHITE DAVIS; DAWN ELMORE; ROGER STAGGS, individually and on behalf of all other persons similarly situated, | No. 11-56918 |
| | D.C. No. 8:09-cv-01450-CJC-RNB |
| Plaintiffs - Appellants, | MEMORANDUM* |
| v. | |
| OPTION ONE MORTGAGE CORPORATION, a California corporation; SAND CANYON CORPORATION, a California corporation; H&R BLOCK, INC, a Missouri corporation, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 5, 2014**
Pasadena, California

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ, GRABER, and MURGUIA, Circuit Judges.

Jeanne Drake, Carly White Davis, Dawn Elmore and Roger Staggs (collectively "Drake") appeal from the district court's grant of summary judgment on their action for severance pay benefits against Option One Mortgage Corporation, Sand Canyon Corporation and H&R Block, Inc. (collectively "Option One"). We affirm.

In order to prevail, Drake was required to show that there was an implied-in-fact contract whose particular terms and conditions[1] provided for severance pay benefits when Option One employees transferred to the same or comparable jobs in a new entity that purchased an ongoing business segment from Option One. We agree with the district court that Drake did not present evidence that could permit "a reasonable jury [to] return a verdict"[2] that under the "totality of the circumstances"[3] there was an implied-in-fact contract of that nature. The district

---

[1]See Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 337, 8 P.3d 1089, 1101, 100 Cal. Rptr. 352, 365–66 (2000).

[2]Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); see also Galen v. Cnty. of L.A., 477 F.3d 652, 658 (9th Cir. 2007).

[3]Foley v. Interactive Data Corp., 47 Cal. 3d 654, 681, 765 P.2d 373, 388, 254 Cal. Rptr. 211, 226 (1988); see also Guz, 24 Cal. 4th at 335–37, 8 P.3d at 1100–01, 100 Cal. Rptr. at 364–66; Scott v. Pac. Gas & Elec. Co., 11 Cal. 4th 454,

(continued...)

2

court did not err.

Because, as the district court pointed out, Drake's other state law claims rely on the existence of an implied-in-fact contract claim, they fall with it. Similarly, because of the failure of the state law claims, we need not, and do not, take up the ERISA[4] preemption issue,[5] or the state law vesting issue.[6]

AFFIRMED.

---

[3](...continued)
463–64, 904 P.2d 834, 838–39, 46 Cal. Rptr. 2d 427, 431–32 (1995).

[4]Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829 (codified in part at 29 U.S.C. §§ 1001–1461).

[5]See Joseph Rosenbaum, M.D., Inc. v. Hartford Fire Ins. Co., 104 F.3d 258, 263 (9th Cir. 1996); Brooks v. Hilton Casinos Inc., 959 F.2d 757, 766 (9th Cir. 1992).

[6]See, e.g., Lawson v. Lawson (In re Marriage of Lawson), 208 Cal. App. 3d 446, 450–52, 256 Cal. Rptr. 283, 285–87 (1986); Chapin v. Fairchild Camera & Instrument Corp., 31 Cal. App. 3d 192, 198–99, 107 Cal. Rptr. 111, 115–16 (1973).